**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed March 12, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00129-CV

---

## IN RE NOMARCO, INC. D/B/A DOMAN FARMS AND DOMAN FARMS LOGISTICS LLC, Relators

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
165th District Court
Harris County, Texas
Trial Court Cause No. 2018-90836**

---

## MEMORANDUM OPINION

Relators Nomarco, Inc. d/b/a Doman Farms ("Nomarco") and Doman Farms Logistics LLC ("Logistics") jointly filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Ursula Hall, presiding judge of the 165th District Court of Harris County, to rule on their special appearances the

respondent heard nearly nine months ago. We conditionally grant the requested relief.

## BACKGROUND

The real parties-in-interest/plaintiffs Wade Denny and Julie Denny, each as the wrongful death beneficiaries of their daughter, Taylor Ann Denny, and real parties in interest/intervenors Burt Wilcox and Wendy L. Wilcox, individually and as the representatives of the estate of David Wilcox, deceased, brought the underlying wrongful death suit to recover damages arising out of an October 2018 motor-vehicle accident that occurred in North Dakota. Taylor Ann Denny and David Wilcox died in the accident. The Dennys filed their original petition in December 2018, and the Wilcoxes intervened shortly thereafter.

Nomarco filed a special appearance on February 18, 2019. Logistics filed a special appearance on March 20, 2019. The respondent heard both special appearances on May 30, 2019, but has yet to rule on them. Nomarco and Logistics filed an unopposed motion for ruling on their special appearances on August 14, 2019 and set it for submission on September 16, 2019. The court clerk removed the motion from the trial court's docket and advised relators' counsel that the motion could not be set on the docket because the trial court already had conducted a hearing on the special appearances. When the trial court still did not rule on the special appearances, Nomarco and Logistics sent a letter, dated on October 22, 2019, to Judge Hall reiterating their request for a ruling on their special appearances. Despite the parties' efforts to secure rulings, the respondent still has taken no action on the special appearances, which have now been on file for almost a year and awaiting ruling for nearly nine months.

2

## MANDAMUS STANDARD

A trial court has a ministerial duty to consider and rule on motions properly filed and submitted to the trial court for ruling, and mandamus may issue to compel the trial court to act. *See In re Coffey*, No. 14-18-00124-CV, 2018 WL 1627592, at *1 (Tex. App.—Houston [14th Dist.] Apr. 5, 2018, orig. proceeding) (per curiam) (mem. op.). A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling. *See id*. The record must show both that the motion was submitted to the trial court for ruling and that the trial court has not ruled on the motion within a reasonable time. *See id*.

## ANALYSIS

Drawing on precedent, we look to three recent decisions to guide our determination as to what constitutes a reasonable time rule. In all three cases the relators complained of the respondent's failure to make timely rulings on submitted motions. First, in *In re ABC Assembly LLC*, No. 14-19-00419-CV, 2019 WL 2517865, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2019, orig. proceeding) (per curiam) (mem. op.), we held that the respondent's approximately eight-month delay in ruling on a relator's motion for entry of judgment on the jury's verdict amounted to an abuse of discretion. Similarly, in *In re Coffey*, 2018 WL 1627592, at *1–2, we held that the respondent abused her discretion by failing to rule on an unopposed motion to confirm an arbitration award that had been pending for approximately four months, when the delay in ruling was causing substantial harm. Likewise, in *In re Harris County Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *3 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.), we held that the respondent's six-month delay in

3

ruling on a plea to the jurisdiction was unreasonable and amounted to an abuse of discretion warranting mandamus relief.

Our rules provide that "[a]ny motion to challenge [personal jurisdiction] shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." Tex. R. Civ. P. 120a(2). Even though the trial court is not to rule on the merits before ruling on a special appearance, the trial court has failed to rule on the special appearances for almost nine months after submission for ruling.

As in the cited unreasonable-delay cases, the mandamus record in today's case shows the respondent's awareness of Nomarco's and Logistics's long-submitted special appearances, which have been awaiting ruling since the respondent conducted an oral hearing on them on May 30, 2019. The record does not show any special docket conditions or the existence of any other matters that have prevented rulings on the special appearances. As much or more time has passed in today's case than the delays that this court found to be unreasonable in *In re ABC Assembly LLC*, *In re Coffey*, and *In re Harris County Appraisal District.* Despite counsel's repeated efforts to obtain rulings from the respondent before resorting to seeking mandamus relief, the respondent has failed to rule.

## CONCLUSION

We conclude that the respondent's nearly nine-month delay in ruling on the special appearances is unreasonable and constitutes an abuse of discretion warranting mandamus relief. We therefore conditionally grant the requested relief and direct the respondent to rule on the special appearances no later than April 1, 2020. *See* Tex. R. App. 52.8(c).

4

We stand confident that the respondent will act in accordance with this opinion. The writ of mandamus shall issue only if she fails to do so.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Spain.